UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEPHEN ALSTER,

                     Plaintiff,

        v.

BRIAN FISCHER, et al.,

                     Defendants.

_____

DECISION & ORDER

09-CV-6510CJS

        Plaintiff Stephen Alster ("Alster") filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging civil rights violations arising from his incarceration at Five Points Correctional Facility ("Five Points"). (Docket # 4). Currently pending before this Court is Alster's motion for an order directing Five Points to comply with this Court's Order dated June 7, 2013, holding Five Points in contempt of Court and awarding coercive sanctions and attorney's fees. (Docket # 65).

        Alster, who is hearing-impaired, contends that he has generally been provided access to a hearing-impaired phone during previous incarcerations at facilities under the control of the New York State Department of Corrections and Community Services ("DOCCS"), including when he was incarcerated at Five Points in 2012 and when he was transferred to Shawangunk Correctional Facility in August 2012. (Docket # 65-1 at ¶ 5). According to Alster, since he was transferred back to Five Points in March 2013, however, he has been denied access to the use of a hearing-impaired phone, impeding his ability to communicate effectively with his attorney. (*Id.* at ¶¶ 14, 17). On June 7, 2013, after Alster was returned to Five Points, this Court granted his counsel's request – over defendants' objection – for an order requiring Five Points to

permit weekly telephone calls between Alster and his counsel and to provide Alster "access to a telephone or system that facilitates communication with a hearing-impaired individual." (Docket # 60).

Alster maintains that despite that Order, Five Points failed to provide him access to a phone that enabled him to communicate effectively with his attorney (hereinafter referred to as a "hearing-impaired phone"). (Docket # 65-1 at ¶¶ 24, 26-28). Instead, Five Points provided Alster with a standard phone equipped with a full-volume speaker-phone option that Alster used in a private room with the door closed. (*Id.* at ¶ 23). Alster contends that he was unable to communicate with his attorney via the speaker-phone option. (*Id.* at ¶ 24). In addition, Alster contends that Five Points had hearing-impaired phones in other areas of the facility, including one at the 9 Block in the B1 Gallery (the "9 Block phone"), which he frequently used to successfully converse with other individuals. (*Id.* at ¶¶ 27-28). According to Alster, he did not use the 9 Block phone to converse with his attorney, however, because the phone is subject to "third party monitoring" and thus could jeopardize the privilege generally afforded attorney-client communications. (Docket # 68 at ¶¶ 10-11). Alster maintains that his counsel repeatedly attempted to obtain Five Points' compliance with the Court's Order prior to filing the pending motion. (Docket # 65-1 at ¶¶ 29-37).

Defendants oppose the motion on the grounds that Alster's audiologist opined that the speaker-phone option is "appropriate for a patient with Mr. Alster's hearing test results." (Docket # 67-1 at ¶ 14). In addition, defendants contend that Alster's inability to hear his attorney was caused by his apparent failure to wear his hearing aids. (*Id.* at ¶ 10). Further, defendants contend that they repeatedly asked Alster's counsel to identify the telephone at Five

Points that Alster contended enabled him to communicate, but that Alster's counsel failed to identify the 9 block phone until he filed the pending motion.  (*Id.* at ¶¶ 13-20).

Subsequent to the filing of this motion, by letter dated December 9, 2013, counsel for defendants informed the Court that Alster had been examined by Dr. Vantassel (whose area of specialty has not been disclosed to the Court), who recommended that Alster be provided a particular make and model of a phone specially designed for hearing-impaired individuals.  The letter further advised that the medical staff at Five Points had submitted a request to order the phone, but counsel for defendants was unable to estimate when the phone would be ordered or installed.

This Court held oral argument on the motion on December 23, 2013, and counsel for defendants informed the Court that the hearing-impaired phone had been ordered, but had not arrived, and that, in the meanwhile, Five Points would make a phone identical to the 9 Block phone available to Alster to use for privileged communications with counsel.

Two weeks later, on January 7, 2014, counsel for defendants informed the Court that the hearing-impaired phone requested by the medical staff had been installed and that Alster would be made available for a weekly phone conference with his attorney.  By letter dated January 9, 2014, counsel for Alster confirmed that he was able to communicate with his client and that he would advise the Court of any future difficulties communicating with his client.  As of the date of this Order, a period of approximately six months, counsel for Alster has not advised the Court of any further problems in communicating with his client.

The pending motion seeks an order directing Five Points to provide Alster access to a phone in accordance with this Court's June 7, 2013 Order and imposing coercive sanctions

and attorney's fees. The record before the Court makes clear that Five Points has now provided Alster access to a phone specially designed for hearing-impaired individuals, which has apparently served its purpose without difficulty since its installation. Accordingly, Alster's request for an order directing Five Points to provide Alster access to a hearing-impaired phone is moot. Further, I find that coercive sanctions are not justified on this record because Five Points has now complied with this Court's June 7, 2013 Order. *See*, *e.g.*, *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) ("[t]he imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate[1] the party that has been wronged"); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 3487350, *12 (S.D.N.Y. 2013) (coercive sanctions not warranted where initially non-compliant party was in compliance with court order); *Ross v. Choice Hotels Intern., Inc.*, 2011 WL 6372860, *2 (S.D. Ohio 2011) ("coercive sanctions associated with a finding of civil contempt are unnecessary to effect the relief requested by movants" where party had committed to comply with Court order and there was no indication that the party had not subsequently complied). Accordingly, I conclude that Alster's request for coercive sanctions should be denied.

I further find that an award of attorney's fees and costs associated with the pending motion for contempt is not justified. The Court's careful review of the many email exchanges between counsel concerning this issue reveal that counsel for defendants promptly

---

[1] Other than the request for attorney's fees and costs expended in bringing the motion discussed below, I do not interpret Alster's motion to seek any other compensatory contempt sanctions. In any event, Alster has not presented any evidence of monetary damages suffered as a result of his inability to communicate with his attorney between June 2013 and January 2014. *See id.* (compensatory sanction "should correspond at least to some degree with the amount of damages") (internal quotation omitted).

responded to Alster's counsel's communications and requested information concerning the type of phone that would enable Alster to communicate with his counsel. That information was not provided until the motion was filed. Moreover, defendants sought an opinion from Alster's audiologist, who stated that the speaker phone that Alster was provided should have been adequate to facilitate communication with counsel. While the record reveals that a phone specially designed for a hearing-impaired individual is more appropriate and better suited to Alster's needs, I do not find that defendants' conduct warrants the imposition of monetary sanctions, particularly where defendants' actions were supported by the audiologist – the very specialist whom Alster and DOCCS agreed (in the terms of a settlement agreement relating to a different case) would recommend appropriate accommodations for Alster's hearing impairment. (*See* Letter to this Court from Chad Flansburg, Esq., dated December 9, 2013).

## **CONCLUSION**

Accordingly, Alster's motion **(Docket # 65)** is **DENIED**.

**IT IS SO ORDERED.**

                                        *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
        July   2  , 2014