UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHEN ALSTER,
also known as Steven Alster,

                Plaintiff,

      v.

BRIAN FISCHER, et al.,

                Defendants.

_____

<u>DECISION & ORDER</u>

09-CV-6510CJS

      Pending before this Court is a motion filed by defendants to revoke plaintiff's

*in forma pauperis* status and to relieve plaintiff's counsel of the duty to represent him *pro bono*.

(Docket # 87).  Defendants' motion is denied.

      Plaintiff, an inmate in the care and custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), filed the initial Complaint in this matter

on October 7, 2009, and applied for permission to proceed *in forma pauperis*.  (Docket ## 1, 2).

His application disclosed that he received monthly pension payments in the approximate amount

of $1,400 and that those payments were deposited into a bank account with a current balance of

between $100 and $200; it also disclosed that his inmate account had a balance of between $100

and $500, and the correctional facility where he was incarcerated certified that his prison account

had a current balance of approximately $300.[1]  (Docket # 2).  On October 27, 2009, the court

granted plaintiff leave to proceed *in forma pauperis*.  (Docket # 3).

---

[1]  The actual amount noted is illegible.  (Docket # 2).

On October 18, 2010, several days after the initial scheduling conference, plaintiff filed a motion seeking appointment of counsel. (Docket # 20). Defendants submitted a declaration in response, stating that they took "no position" on the application. (Docket # 21 at ¶ 2). On January 21, 2011, this Court granted plaintiff's application and appointed Chad Flansburg, Esq., to represent plaintiff. (Docket # 23). Since that time, Mr. Flansburg has continuously and vigorously represented plaintiff, prosecuting and defending various discovery motions and opposing defendants' motion for summary judgment. At no time has plaintiff or his counsel moved to terminate their relationship or sought court intervention to address relationship difficulties. In short, the record suggests that they have developed and sustained a productive attorney-client relationship.

Now – over eight years after the court permitted plaintiff to proceed *in forma pauperis*, seven years after Mr. Flansburg was appointed counsel, and six months after the district court decided defendants' summary judgment motion (by permitting certain First Amendment claims to proceed) – defendants seek to revoke the order granting *in forma pauperis* status and to modify the terms of plaintiff's attorney-client relationship by requiring him to contribute to the costs of counsel on the grounds that his monthly pension payments refute his claimed indigency. (Docket # 87). I decline to do so.

Counsel for defendants concedes that plaintiff disclosed his pension payments in his original IFP application. (Docket # 87-1 at 1). Counsel does not argue that the information contained in plaintiff's 2009 application was untruthful or inaccurate in any manner. (*Id*.). Although counsel did not represent defendants at that time, their then-counsel did not oppose the application or seek reconsideration of the court's order granting it. Nor, when plaintiff moved for appointment of counsel, did defendants' counsel oppose the application or seek

reconsideration of the order granting it on the grounds that plaintiff had sufficient funds to contribute to the costs of counsel. The reason proffered for the extraordinary delay is that current counsel did not personally learn of plaintiff's pension payments until he deposed plaintiff several months ago. (Docket # 89 at 2). Of course, that information is not new and has been available to defendants and their counsel since plaintiff filed his application in 2009.

Although "[s]tatus to proceed *in forma pauperis*, once granted, is not intended to be insulated from further consideration," *Rosario v. Mastrantonio*, 2009 WL 5178353, *1 (W.D.N.Y. 2009), reexamination of that status appears to occur most often where plaintiff's financial condition has changed since he or she was granted poor person status, *see*, *e.g.*, *id.* at *2 (revoking poor person status "because plaintiff's financial condition has changed since the granting of his application to proceed *in forma pauperis* and because he has sufficient funds to pay the filing fee"); *Holman v. Thompson*, 1992 WL 142349, *4 (N.D. Ill. 1992) ("a court may reexamine a plaintiff's pauper status if his financial conditions change"), or where the original application contains inaccuracies or omits relevant information, *see Woodward v. Afify*, 2017 WL 4276651, *5-6 (W.D.N.Y. 2017) (revoking poor person status where plaintiff's application "did not include a statement of the amount of money in his prison account . . . [or] an inmate account balance certification"); *see also Arzuaga v. Quiros*, 781 F.3d 29, 34 (2d Cir. 2015) ("there appears to be no dispute that [plaintiff's] IFP affidavits accurately described the state of [his] finances at the time [he] filed his motions to proceed IFP[;] [plaintiff] therefore complied with the documentation requirements of the IFP statute"). Even assuming that this Court has the authority to revoke an order issued years ago on concededly accurate information, reconsideration of which was not timely sought, on the basis that it was improvidently granted, this Court declines to do so on the unique facts of this case. Too much time has passed to revisit

an order that was admittedly issued upon truthful disclosures. To revoke that order now, and impose modifications to the financial terms of the relationship between the plaintiff and his attorney that neither is seeking, would risk complicating, if not jeopardizing, their established and seemingly productive relationship. Indeed, the day after the pending motion was filed, plaintiff's counsel wrote the Court and expressed "concern[ ] that [plaintiff] may feel that a conflict exists that should prevent [counsel] from representing [plaintiff] in opposing the motion and [may] seek alternative counsel." (Docket # 88). On this record, defendants' motion is denied.

Counsel are directed to confer and submit a final proposed scheduling order by no later than **February 22, 2018**.


## <u>CONCLUSION</u>

For these reasons, defendants' motion to revoke plaintiff's *in forma pauperis* status and to relieve plaintiff's counsel of the duty to represent him *pro bono* (**Docket # 87**) is **DENIED**.

**IT IS SO ORDERED**.


*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      February 8, 2018